UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LORENZO ARMENTERO, | ) Case No.: 1:13-cv-00673 - JLT (PC) |
| Plaintiff, | ) ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| v. | ) |
| N. LOPEZ et al., | ) (Doc. 1) |
| Defendants. | ) |

Plaintiff Luis Lorenzo Armentero ("Plaintiff") is state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). On May 8, 2013, Plaintiff initiated this matter against N. Lopez, a correctional counselor and appeals coordinator at Avenal State Prison ("ASP"), James D. Hartley, the Warden of ASP, and K.J. Allen, a third level inmate appeals examiner in Sacramento, CA (collectively "Defendants"). Id. at 2-3, 25. As required, the Court screens the complaint, and for the reasons set forth below, the Court **ORDERS** that the complaint be **DISMISSED** and Plaintiff is **GRANTED leave to amend.**

I. <u>Screening Requirement</u>

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v.

1  Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a
2  plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,
3  or omitted to perform an act which he was legally required to do that caused the deprivation of which
4  the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v.
5  Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).  42 U.S.C. § 1983 does not create substantive rights, but
6  rather services as a vehicle to protect federal rights which have been established elsewhere. Graham v.
7  Connor, 490 U.S. 386, 393-394 (1989).

8  **III.    PLAINTIFF'S COMPLAINT**

9       Plaintiff is presently incarcerated at ASP, where his cause of action also arose. (Doc. 1 at 1, 3,
10 9).  On September 4, 2011, Plaintiff placed his inmate grievance concerning bad living conditions at
11 ASP addressed to Warden Hartley's office in ASP's confidential mail depository. Id. at 3, 11, and 13.
12 Plaintiff alleges that Warden Hartley never received his inmate grievance. Id. at 12.  Elsewhere,
13 however, it appears that Warden Hartley's office received Plaintiff's grievance and marked it as a
14 "Warden's assignment number "WRDN 11090463 on September 12." Id. at 30.  The Warden
15 Hartley's office then routed the document to Counselor Lopez. Id.

16      On September 19, 2011, Plaintiff received correspondence from Counselor Lopez. Id. at 12.
17 The correspondence dated September 14, 2011,[1] indicated that Counselor Lopez had screened
18 Plaintiff's inmate grievance. Id. at 12, 28.  Plaintiff was advised that he needed to "be more specific"
19 in stating his grievance. Id. at 12.

20      On October 5, 2011, Warden Hartley responded to Plaintiff's September 4, 2011 grievance and
21 informed him of the proper inmate appeals procedure. Id. at 13.  Warden Hartley also denied
22 Plaintiff's later appeal dated September 23, 2011. Id. at 17.

23      In an unrelated matter, Plaintiff alleges that on August 9, 2012, ASP prison officials prevented
24 Plaintiff from mailing documents to a government claims board. Id. at 16.  ASP law library employees
25 required Plaintiff to wait up to five days to have his confidential legal materials copied and such

---

[1] In the body of the Complaint, Plaintiff indicates that Counselor Lopez's response was dated August 6, 2011. Given that Plaintiff did not file his inmate grievance until September 4, 2011, and elsewhere Plaintiff indicates that the Counselor Lopez's response was dated September 13, 2011, the Court assumes that the August 6, 2011 date is an error.

3

copies were made outside of his presence. Id. at 16-17.  When Plaintiff seeks to copy legal documents in excess of 50 pages, library employees require Plaintiff to explain the need for the document. Id. at 18.

## IV.     DISCUSSION AND ANALYSIS

### A.   First Amendment Claims

Plaintiff presents a multifaceted First Amendment claim against Defendants.  Specifically, Plaintiff avers that Defendants conspired[2] to deprive him of his First Amendment rights by improperly processed his inmate grievance, tampered with his mail, and interfered with his access to the Courts. Each claim is addressed as follows:

#### i. No constitutional right to a particular grievance procedure.

Plaintiff indicates that Defendants abused the inmate grievance system. (Doc. 1 at 11).  He complains that Defendants failed to engage in "an in-depth fact-finding process" and that the system lacks fairness. Id.  To the extent that Plaintiff alleges that prison officials ignored his inmate grievances, he is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  When a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of

---

[2]Plaintiff indicates that Warden "Hartley attempted to cover-up defendant Lopez's" 18 U.S.C.A § 1702 violation. (Doc. 1 at 14).  A conspiracy claim under 42 U.S.C. § 1983 requires Plaintiff to demonstrate (1) an agreement between the Defendants to violate his rights, and (2) an actual deprivation. Johnson v. Harrington, 1:09-CV-00277, 2011 WL 284951 (E.D. Cal. Jan. 26, 2011) report and recommendation adopted, 1:09-CV-00277, 2011 WL 891501 (E.D. Cal. Mar. 10, 2011) (citing Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010)).  Plaintiff provides no factual support for his claim of a conspiracy.  Furthermore, as noted herein, Plaintiff fails to demonstrate that he sustained *any* constitutional deprivation.

4

1   federal rights).  Thus, the claim is **DISMISSED** for failure to state a cognizable claim.

2            ii.        First Amendment right to send and receive mail.

3   Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Prison regulations and practices affecting *incoming* mail must be reasonably related to a legitimate penological interest. *See* Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). Legitimate penological interests generally include "security, order, and rehabilitation." Procunier v. Martinez, 416 U.S. 396, 413 (1974).  In determining the reasonableness of a regulation or practice, a court considers the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it;" (2) "whether there are alternative means of exercising the right;" (3) the impact, if any, the "accommodation of the asserted constitutional right will have on [prison] guards and other inmates;" and (4) "the absence of ready alternatives." Turner v. Safley, 482 U.S. 78, 89-90 (1987).

"When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a closer fit between the regulation and the purpose it serves." Witherow, 52 F.3d at 265 (citation and internal quotation marks omitted).  In other words, a regulation or practice that affects outgoing mail must be "closely related to a legitimate penological interest." Id.  This is because the inherent security risks associated with incoming mail are less pronounced in outgoing mail. *See* Thornburgh, 490 U.S. at 411-412.  However, in neither case, be it outgoing or incoming mail, must the challenged regulation or practice satisfy "a least restrictive means test." Witherow, 52 F.3d at 265 (citing Thornburgh, 490 U.S. at 411-13).

Here, Plaintiff fails to provide any facts to support his contention that Counselor Lopez affected his outgoing or incoming mail. (Doc. 1 at 3).  Contrary to his allegation that Counselor Lopez intercepted Plaintiff's inmate grievance,[3] Warden Hartley's office *did receive* Plaintiff's September 4, 2011 correspondence on September 12, 2011.[4] (Doc. 1 at 3, 30) (emphasis added).  Subsequently, as

---

[3] The Court may, and presently does, disregard Plaintiff's factual allegations that are contradicted by exhibits attached to the complaint. Cooper v. Yates, Case Number 1:09-CV-85-AWI-MJS P, 2010 WL 4924748, at * 3 (E.D. Cal. Nov. 29, 2010).

[4] Plaintiff cannot force the Warden to accept or read correspondence from him nor is he entitled to impose on the Warden the obligation to screen a 602 grievance.

required by Cal. Code. Reg. 3084.5[5], Warden Hartley's office sent the document to Counselor Lopez for screening. Id. The Court cannot impose liability on any Defendants for *complying* with a facially constitutional regulation. Thus, the claim is **DISMISSED.**

      iii.   Denial of access to the courts.

The First Amendment right to access to the courts includes a means of making accurate copies, where they are required to file a pleading. Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In either scenario, a plaintiff must allege actual injury. *See* Lewis, 518 U.S. at 351-53.

As a preliminary matter, Plaintiff must establish that he sustained actual injury. *See* Lewis, 518 U.S. at 351-53. To do so, Plaintiff must demonstrate "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. The failure to demonstrate an actual injury is jurisdictional. Alvarez v. Hill, 518 F.3d 1152, 1155 (9th Cir. 2008) ("Failure to show that a "nonfrivolous legal claim had been frustrated" is fatal"). The First Amendment right of access to the courts is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354.

At present, Plaintiff complains that the ASP law library staff – who are notably not parties to this litigation – have created a document copying policy that prevented Plaintiff from pursuing claims before state and federal courts. (Doc. 1 at 19). He also appears to allege that this copying policy hinders his ability to advance the present matter. Id. Thus, Plaintiff asserts both a forward-looking and backward-looking access claim.

Plaintiff fails to demonstrate that he sustained any prejudice with regard to any actual or contemplated litigation. Plaintiff complains that he was prevented from presenting a California tort claim to the claims board—apparently because sufficient copies were not made--but he fails to provide

---

[5] 15 Cal. Code. Reg. § 3084.5 sets forth the procedure by which inmate grievances are to be screened. Subsection (b) mandates that an appeals coordinator, such as Counselor Lopez, "screen all appeals prior to acceptance and assignment for review." 15 Cal. Code. Reg. § 3084.5(b).

any factual support for this claim. (Doc. 1 at 9)  In any event, the failure to provide photocopies would only be actionable if this resulted in an actual injury.  *See* Lewis, 518 U.S. at 354.  There are not facts alleged that demonstrate this. Furthermore, Plaintiff's contention that ASP law library staff prevented Plaintiff from proceeding in forma pauperis is unsupported by the Court's review of Plaintiff's prior matters before the Court.[6]

Moreover, Plaintiff avers that Warden Hartley and ASP law library staff required Plaintiff to "submit [his] confidential[7] legal materials" copying to them, copying could take up to five days and was done outside of Plaintiff's presence. (Doc. 1 at 17-18).  Plaintiff alleges that was "underground policy" that violated 15 Cal. Code Reg. §§ 3160 and 3162(b), (c), and denied him access to the Courts. Id. at 18.  While the slight delay may have posed an inconvenience, Plaintiff is not entitled to have his documents copied in his presence or to have them copied on demand.  In fact, he is entitled to have copies made only where they are required to file a pleading. Allen v. Sakai, 48 F.3d at 1089.

Most importantly, Plaintiff fails to provide factual allegations indicating that ASP prison officials refused to copy *any* of his documents.  Thus, no injury can be found.  Therefore, the claim is **DISMISSED with leave to amend.[8]**

---

[6] Plaintiff submits a 31-page complaint which more than adequately describes his situation; in fact it fails to concisely describe the situation. (Doc. 1).  Furthermore, on October 29, 2012, in Armentero v. Dickinson, Case Number 2:10-cv-965-KJM, Doc. 86, Plaintiff raised a similar argument to the matter at bar.  Plaintiff claimed that he could not serve a response to a motion for summary judgment because he was unable to access the law library to make the requisite copies for the Court. Armentero, 2:10-cv-965-KMJ, Doc. 86.  However, this Court determined that Plaintiff's own failure to properly request law library access – rather than a prison official's actions - prevented him from making the copies needed. Id. at 2.  Plaintiff then submitted an 81-page opposition to Defendants' motion for summary judgment on December 3, 2012. Armentero, 2:10-cv-965-KMJ, Doc. 90.  Finally, it is noted that as recently as November 5, 2012, Plaintiff filed a notice of appeal and was granted *in forma pauperis* status for the purpose of the appeal, in Armentero v. Lotersztain, Case Number 2:12-cv-1291-KJN, Docs. 14 and 20.  Taken together, these facts reveal Plaintiff's has not suffered an "actual injury" related to access to the Courts.

[7] Plaintiff appears to believe that the term "confidential legal materials" extends to documents that Plaintiff intends to file with the Court.  Rather, it appears that Plaintiff submitted his documents to ASP law librarians for the purpose of copying his Court filings, which by their nature *are not confidential*. Confidential legal mail generally includes only correspondence with his lawyer. In any event, Plaintiff does not provide, and the Court cannot find, any legal authority to support this proposition, other than 15 Cal. Code Reg. § 3162(c) which simply indicates that prison officials are not required to copy documents over 50 pages.  Thus, Plaintiff's claim is without merit.

[8] Should Plaintiff seek to amend his complaint, he is advised that in addition to demonstrating official acts frustrating the inmate's litigation, where a prisoner asserts a backward-looking denial of access claim must show the loss of a "nonfrivolous" or "arguable" underlying claim.  *See* Christopher v. Harbury, 536 U.S. 403, 413-414 (2002). The underlying claim must be set forth in the pleading claiming a denial of access to the courts "as if it were being independently pursued." Id. at 417. Finally, the plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

**B.  18 U.S.C.A. § 1702.**

Plaintiff alleges that Defendants tampered with his outgoing mail in violation of his federal statutory right under 18 U.S.C.A. § 1702. (Doc. 1 at 3).  18 U.S.C.A. § 1702 sanctions any person who intentionally removes a letter from a post office or depository box without authorization with purpose of obstructing the document's delivery.  According to the Ninth Circuit, § 1702 "does not apply in the prison context."  Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999).  The First Amendment right to receive mail is not violated by a temporary delay in mail delivery due to a security inspection.  Crofton, 170 F.3d at 961.  Thus, 18 U.S.C.A. § 1702 does not apply in the present matter.

Moreover, 18 U.S.C.A. § 1702 requires that the person charged with tampering with the mail *intend* to obstruct its delivery.  Plaintiff concludes that Counselor Lopez obstructed the delivery of his complaint to Warden Hartley's office, but provides no facts to support this allegation.  Given that Counselor Lopez received the inmate grievance document *after* Warden Hartley's office forwarded it to him, there is no factual support that Lopez intended to obstruct the mail.  Thus, the claim is **DISMISSED**.

**C.  Violation of California State Law.**

  i.  Failure to comply with the California Tort Claims Act.

Plaintiff asserts unenumerated state claims against Defendants for violating Plaintiff's right to confidentially correspond with a public official and denial of access to the Courts.  Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, in pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement.  State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004).  Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims.  Id.  Plaintiff provides no facts to indicate that he complied with the CTCA. *See generally,* (Doc. 1).  Thus, Plaintiff cannot maintain his unenumerated state claim against these Defendants and the claim is **DISMISSED.**

        ii.        Violations of California law do not arise to 42 U.S.C. § 1983 claims.

To the extent Plaintiff alleges that his right to correspond confidentially with public officials is guaranteed by 15 Cal. Code Reg. § 3141(c)(1), (5), and (6), he is advised that violations of state law do not generally trigger liability under 42 U.S.C. § 1983. McDaniel v. Fairfield Police Dep't, 2:11-CV-3041 KJN P, 2011 WL 6026035 (E.D. Cal. 2011).  Rather, 42 U.S.C. § 1983 creates a remedy for violations of constitutional or federal rights. 42 U.S.C. § 1983.  The Court does not find – and Plaintiff has not presented – any authority on which to find that Plaintiff has a constitutionally guaranteed right to confidentially correspond with Warden Hartley.

Moreover, to the extent Plaintiff maintains a civil claim under 15 Cal. Code Reg. § 3141(c)(1), (5), and (6), he has no right to do so.  Title 15 of the California Code of Regulations creates no implied private right of action. *See e.g.,* K'napp v. Adams, Case No. 1:06-CV-01701-LJO-GSA (PC), 2009 WL 2511907 * 4 (E.D. Cal. 2009).  Thus, Plaintiff fails to state a cognizable state claim under the First Amendment.  Therefore, the claim is **DISMISSED** with **leave to amend.**

    **D.  The Eleventh Amendment bars suits against state officials in their official capacity**.

Plaintiff has brought suit against Defendants in their official capacities. (Doc. 1 at 9-10). However, naming an employee in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.  Thus, the complaint is **DISMISSED** as to all Defendants named in their official capacity.

    **E.  Liability of Warden Hartley and Examiner Allen.**

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010).

1  Liability may not be imposed on supervisory personnel under section 1983 on the theory of
2  *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City
3  of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she
4  "participated in or directed the violations, or knew of the violations and failed to act to prevent them."
5  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL
6  477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v.
7  Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126
8  F.3d 1189, 1204 (9th Cir.1997).

9  Here, Plaintiff apparently asserts liability against Warden Hartley[9] for permitting Counselor
10 Lopez to open confidential mail and failing to take disciplinary action against him. (Doc. 1 at 3, 14).
11 Nowhere does Plaintiff indicate facts to establish that Warden Hartley participated in any violation of
12 Plaintiff's constitutional rights. Given that no underlying First Amendment constitutional violation
13 occurred, as noted above, Plaintiff fails to state any claim against Warden Harley. Therefore, the
14 claim is **DISMISSED.**

15 In regard to Examiner Allen, Plaintiff alleges that he "should be punished in the same way [as
16 Warden Hartley] for [finding] no evidence of an [18 U.S.C.A. § 1702] violation or existing policy."
17 (Doc. 1 at 3). As noted above, Plaintiff has no constitutional right to have his administrative grievance
18 handled in a particular manner. *See* Ramirez, 334 F.3d at 860. Indeed, an administrative grievance is a
19 "procedural right only, it does not confer any substantive right upon the inmates." McClendon v.
20 Gardner, 1:11-CV-00239, 2011 WL 891290, at * 5 (E.D. Cal. 2011)(*quoting* Buckley v. Barlow, 997
21 F.2d 494, 495 (8th Cir.1993)). Given that no facts are provided to support a claim that Examiner
22 Allen personally violated any of Plaintiff's constitutional rights, the claim against him is
23 **DISMISSED**.

24 **V.   LEAVE TO AMEND**

25 The Court will provide Plaintiff a **final** opportunity to amend his pleading to cure the
26 deficiencies noted in this order. *See* Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro

---

28 [9] Plaintiff also asserts an Eighth Amendment claim against Warden Hartley. (Doc. 1 at 22). Plaintiff, however, fails to provide any facts on which an Eighth Amendment claim could be based. Thus, the claim is **DISMISSED.**

se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his second amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's amended complaint **SHALL** contain a concise statement of the facts pursuant to Fed. R. Civ. P. 8(a).  The amended complaint **SHALL not exceed 20 pages, including attached exhibits.** In his amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action**.

**ORDER**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that

1. The complaint is **DISMISSED with leave to amend;**

2. Plaintiff is **GRANTED** 21 days from the date of service of this Order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **May 24, 2013**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE

11