UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LORENZO ARMENTERO,<br><br>    Plaintiff,<br><br>  v.<br><br>N. LOPEZ et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00673 - JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 12) |

Plaintiff Luis Lorenzo Armentero ("Plaintiff") is state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff consented to the jurisdiction of the Magistrate Judge on May 30, 2013. (Doc. 5). As required by 28 U.S.C. § 1915A, the Court screens the first amended complaint, and for the reasons set forth below, the Court **ORDERS** that the complaint be **DISMISSED.**

**I. Screening Requirement**

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation of which the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).  42 U.S.C. § 1983 does not create substantive rights, but rather services as a vehicle to protect federal rights which have been established elsewhere. Graham v. Connor, 490 U.S. 386, 393-394 (1989).

### III.   PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated at Deuel Vocational Institute in Tracy, California. (Doc. 12 at 1).  His cause of action arose against Counselor Lopez and Warden Hartley while he was incarcerated at Avenal State Prison ("ASP") in September of 2011. Id. at 2-3.  Plaintiff claims that on September 4, 2011,[1] he mailed "confidential mail" to Warden Hartley's office. (Doc. 12 at 3).  Counselor Lopez, an Appeals Coordinator Supervisor at ASP subsequently read and responded to Plaintiff's correspondence. Id. at 3.

### IV.   DISCUSSION AND ANALYSIS

#### A. First Amendment Right to Mail and Free Speech

Plaintiff concludes that Counselor Lopez violated of his First Amendment rights to freedom of speech and to receive mail by "interfere[ing] and affect[ing]" with his "confidential letter" to Warden Lopez in. (Doc. 12 at 10).  Plaintiff was previously advised that prison regulations and practices affecting *incoming* mail must be reasonably related to a legitimate penological interest. *See* Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  Legitimate penological interests generally include "security, order, and rehabilitation." Procunier v. Martinez, 416 U.S. 396, 413 (1974).  In regard to outgoing mail, Plaintiff was further advised that "[w]hen a prison regulation affects outgoing mail as opposed to incoming mail, there must be a closer fit between the regulation and the purpose it serves." Witherow, 52 F.3d at 265 (citation and internal quotation marks omitted).  In other words, a regulation or practice that affects outgoing mail must be "closely related to a legitimate penological interest." Id.  However, in neither case, be it outgoing or incoming mail, must the challenged

---

[1] The first amended complaint states "September 4, 2013," a date which has not yet occurred.  However, because Plaintiff previously indicated that this letter was mailed on September 4, 2011, the Court presumes that 2011 is the proper year.

3

regulation or practice satisfy "a least restrictive means test." Witherow, 52 F.3d at 265 (citing Thornburgh, 490 U.S. at 411-13).

An inmate's right to the freedom of speech is integral to his or her First Amendment right to receive and send mail. Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004) ("The First Amendment embraces the right to distribute literature, and necessarily protects the right to receive it." (internal citations and quotations omitted)). A prisoner retains his right to free speech unless it is inconsistent with a facility's legitimate penological objective." Clement, 364 F.3d at 1151. Here, the Court again notes that Warden Hartley's office received Plaintiff's correspondence[2] prior to forwarding the document to Counselor Lopez in compliance with Cal. Code Reg. 2084.5. (Doc. 1 at 3, 30). As explained below, permitting Plaintiff to proceed on his claim against Counselor Lopez would be inconsistent with current law.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court defers to prisons to establish the deadlines and critical procedural rules an inmate must comply with in order to exhaust his or her administrative remedy. *See e.g.,* Woodford v. Ngo, 548 U.S. 81, 93 (2006). Exhaustion of administrative remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

In compliance with the PLRA, the California Department of Corrections and Rehabilitation has established its own administrative grievance system. *See* Jones v. Haws, Case No, CV 08-6309 PSG (FFM), 2009 WL 4015432, at *3 n. 2 (C.D. Cal. Nov. 18, 2009). 15 Cal. Code Reg. 2084.5 is a mandatory step in the CDCR's administrative grievance process. *See* Jones, 2009 WL, at *3 n. 2. Furthermore, as previously advised, § 3084.5(b) mandates that an appeals coordinator, such as Counselor Lopez, "screen all appeals prior to acceptance and assignment for review." 15 Cal. Code. Reg. § 3084.5(b). Thus, in the absence of any factual allegation to suggest that Counselor Lopez acted

---

[2] The Court may, and presently does, disregard Plaintiff's factual allegations that are contradicted by exhibits attached to the original complaint. Cooper v. Yates, Case Number 1:09-CV-85-AWI-MJS P, 2010 WL 4924748, at * 3 (E.D. Cal. Nov. 29, 2010).

1  in an unconstitutional manner, the Court finds that Plaintiff again fails to state a claim. Thus, the
2  claim again Counselor Lopez is **DISMISSED.**

### B.  Liability of Warden Hartley

The Court previously advised Plaintiff that he must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Ashcroft, 556 U.S. at 675-677; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

Plaintiff concludes that Warden Hartley violated his right to send and receive mail because he was aware the Counselor Lopez read and responded to Plaintiff's "confidential letter" and failed to act. (Doc. 12 at 10-11). As noted above, Counselor Lopez engaged in no underlying constitutional violation. Plaintiff provides no further factual allegations for the Court to find that Warden Hartley engaged in any constitutional violation whatsoever. Just like any other person in society, Plaintiff has no right to demand a response from the person to whom he sent mail. The recipient decides whether he will respond and his failure to personally respond does not implicate the Constitution merely because Plaintiff is in prison and the recipient is the Warden. Likewise, the fact that Plaintiff merely entitled his mail "confidential," does not place any legal obligation upon Hartley to maintain the confidentiality of the document and it certainly does not implicate a constitutional violation. Thus, the claim against Defendant Warden is **DISMISSED**.

### V.   LEAVE TO AMEND WOULD BE FUTILE

The Court previously described in detail the legal standards necessary state a cognizable First

Amendment claim. *See* (Doc. 4). Plaintiff again fails to do so. Furthermore, no factual allegations presented indicate that Plaintiff possesses any further claims against these Defendants. Therefore, leave to amend would be futile.

**ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. The claim is **DISMISSED without leave to amend;** and
2. The Clerk of the Court is **DIRECTED TO CLOSE** this matter.

IT IS SO ORDERED.

Dated:   **August 5, 2013**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE